FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS

UNITIED STATES DISTRICT COURT
DISTRICT OF KANSAS
WICHITA COURTHOUSE '10 SEP 13 P 3:00

CLERK, U.S. DISTRICT COURT
BY_____ DEPUTY CLERK
AT WICHITA, KS

BRADY WALSTAD

    Plaintiff

vs

CASE NO. 10-CV-1305- R.D.R.- KGS

Credit Control Services, LLC.,
d/b/a Credit Collection Services

    Defendant

## COMPLAINT AND JURRY DEMAND

### JURISDICTAION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. §1692k(d), 15 U.S.C. §1681 p, and K.S.A 50-623.
2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq.(FDCPA), the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.(FCRA), and the Kansas Statutes Annotated (Hereafter K.S.A.) K.S.A. 50-623.

### VENUE

3. Venue is proper in the District.
4. The acts and transactions alleged herein occurred in this Judicial District.
5. The Plaintiff resides in the Judicial District.
6. Defendant transacts business in this Judicial District

### PARTIES

1. Plaintiff, Brady Walstad, is a natural Person.
2. Plaintiff resides in the City of Colwich, County of Sedgwick, State of Kansas.
3. The Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), 15 U.S.C. § 1681a(c), and K.S.A 50-624(b).
4. The Plaintiff is an "any person" as that term is used within by 15 U.S.C. § 1692 et seq.

5. Defendant is Credit Collection Services, a foreign corporation with the no listed Kansas resident agent.
6. Defendant operates from an address of 2 Wells Avenue, Newton, Massachusetts 02459.
7. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).
8. Defendant is a "person" as a term defined in 15 U.S.C. § 1681a(b) and K.S.A. 50-624(i).
9. Defendant is a "supplier" as a term defined in K.S.A. 50-624(l).
10. Defendant regular attempts to collect debts alleged due to another.

## FACTS

11. Sometime prior to the filing of the instant action, the Plaintiff allegedly incurred a financial obligation that was for personal, family, or household purposes and is a "debt" as that term is defined by 15 U.S.C. § 1692a(5), (hereinafter the Account"), namely a debt allegedly owed to Bank Of Omaha.
12. The Account was allegedly not paid and it went into default with the creditor.
13. Sometime thereafter, the alleged Account was assigned, placed or otherwise transferred to the Defendant for collection from the Plaintiff.
14. The Plaintiff disputes the Account.
15. In 9/28/2009, Defendant sent Plaintiff a letter trying to collect for the alleged Account.
16. The envelope Defendant sent violated 15 U.S.C. § 1692f (8) and 15 U.S.C. § 1692e (10), by placing "IMPORTANT > OPEN IMMEDIATLEY" Highlighted in Bright Red, "Notice Enclosed".

17. On 10/01/2009, Plaintiff sent a debt validation letter by Certified Mail Return Receipt Requested, to Defendant stating:

    "I am disputing this debt/bill/account in its entirety and it is an inconvenience for you to call me any where or any time. All future communications with me MUST be done in writing and sent to me by mail. Pursuant to my rights under federal debt collection laws, I am requesting that you provide Validation of this debt and a copy of the contract that I signed to establish this debt".

18. On 10/09/2009, Defendant signed for a Plaintiff's letter that disputed the alleged Account. Defendant Willfully and Knowingly failed to communicate to Bank Of Omaha or to Trans Union, Experian, & CSC Credit Services Consumer Reports, the Account was Disputed by Consumer, violating 15 U.S.C. § 1692e (8) X 3 X 10 months or 30 times.
19. On 10/09/2009, Defendant signed for the Certified Letter listed in 17, stating no phone calls.
20. From 10/10/2009 – 03/01/2010, after receiving the above Certified Letter, Defendant Willfully or Knowingly made Numerous phone calls to Plaintiff, violating 15 U.S.C. § 1692c (a)(1), 15 U.S.C. § 1692e (10), 15 U.S.C. § 1692f, K.S.A 50-626 and/or K.S.A. 50-627.
21. These telephone calls each individually constituted a "communication" as defined by 15 U.S.C. § 1692a(2).
22. During telephone calls representatives, employees and/or agents of the Defendant failed to meaningfully disclose the caller's identity by blocking the Caller ID violating 15 U.S.C. 1692d preface, 15 U.S.C. 1692d (6), and K.S.A 50-626.

23. Because of the Numerous phone calls, Plaintiff was harassed, embarrassed, and suffered emotional stress because his consumer rights were being violated.
24. Plaintiff started reading about consumer debt collection laws to stop the harassment.
25. Defendant Willfully and Knowingly continued to call Plaintiff about 20 times in March, 2010 and at least 7 times from 04/01/2010-04/15/2010, violating 15 U.S.C. § 1692c (a)(1), 15 U.S.C. § 1692e (10), 15 U.S.C. § 1692f, K.S.A 50-626 and/or K.S.A. 50-627.
26. On 04/12/2010, Plaintiff sent Defendant a Intent to Sue Letter regular mail and the phone calls stopped on 04/15/2010.
27. During some of the telephone calls representatives, employees and/or agents of the Defendant caused Plaintiff's telephone to ring continuously with the intent to annoy, abuse, or harass Plaintiff into paying the alleged Account in violation of 15 U.S.C. 1692d preface, 15 U.S.C. 1692d(5), K.S.A 50-626.
28. Upon information and belief, Defendant posses recordings of its communication with Plaintiff.
29. Upon information and belief, Defendant possesses telephone logs and/or electronic records of its communications with Plaintiff.
30. On 04/12/2010, Plaintiff sent a letter trying to settle this matter out of court by sending a letter to Defendant, stating they had violated Plaintiff's FDCPA STATUTORY Rights.
31. Jeffrey D Stoddard a Paralegal for Defendant, sent a letter back on 04/27/10 saying they had thoroughly reviewed Plaintiff's concerns and determined there was no wrongdoing by Defendant. Jeffrey D Stoddard also said "this account has been closed with our office and returned to our client". The letter violated 15 U.S.C. § 1692e (10), 15 U.S.C. § 1692f, and K.S.A 50-626 by making a false and misleading statement.
32. On 05/29/2010, Plaintiff again tried to settle this matter out of court by sending the Defendant a letter and Defendant continued to deny any wrong doing.
33. On 06/22/2010, Plaintiff tried yet another time to settle this matter out of court by filing a complaint with ACA International, a debt collection organization the Defendant is a member of, but Defendant continued to deny any wrong doing, violating 15 U.S.C. § 1692e (10), 15 U.S.C. § 1692f, and K.S.A 50-626 by making a false and misleading statement.
34. On 07/08/2010, Plaintiff tried one final time to try and settle this matter out of court by filing another complaint with ACA.
35. On 07/16/2010, Defendant finally admitted they made the phone calls after receiving Plaintiff's letter, but still denied any wrong doing which is a violation of 15 U.S.C. § 1692e (10), 15 U.S.C. § 1692f, and K.S.A 50-626 by making a false and misleading statement.
36. According to the ACA International website, Defendant has been a member since 1970. Plaintiff has a hard time understanding why a company that has been in business for about 40 years, wouldn't know about debt collection laws or wouldn't follow them.
37. Defendant policies and procedures are obviously flawed and/or Defendant hasn't trained their employees correctly.
38. Defendant Willfully and Knowingly violated several of the Plaintiff's consumer rights.
39. The Defendant intended to and did inflict severe emotional distress upon Plaintiff by engaging in actions that intended to harass, belittle, embarrass, confuse, and mislead Plaintiff.
40. The Defendants attempted to take advantage of a consumer reasonably unable to protect his interests because of an assumed ignorance and an inability to understand legal issues and other factors involved, and therefore acted with unconscionable intent.
41. Defendant and its representatives, employees and/or agents above-listed statements and actions constitute unfair practices and violate 15 U.S.C. § 1692f.

42. Plaintiff has tried several times to settle this matter out of court, but Defendant continues deny any wrong doing.
43. As a consequence of the Defendant's collection activities, the Plaintiff has suffered actual damages, including emotional distress.

## RESPONDEAT SUPERIOR

1. The representatives and/or collectors at the Defendant were employees of and agents of the Defendant, were acting within course and scope of their employment at the time of the incidents complained of herein and were under the direct supervision and control of the Defendant at all times mentioned herein.
2. The actions of the representatives and/or collectors at the Defendant are imputed to their employer, the Defendant.
3. As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered the aforementioned damages.

## JURY TRIAL DEMANDED

The Plaintiff is entitled to and hereby demands a trial by Jury.  US Const. amend. 7., Fed.R.Civ.Pro.38

## DESIGNATION OF THE PLACE OF TRIAL

Plaintiff requests Wichita, Kansas as the place of trial.

## PRAYER

WHEREFORE, the Plaintiff prays that the Court grants the following.

1. Actual Damages of $100,000 under 15 U.S.C. § 1692k(a)(1)
2. Statutory Damages of $1,000 under 15 U.S.C. § 1692k(a)(2)(A)
3. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3)
4. Statutory Damages of $30,000 under 15 U.S.C. § 1681n(a)(1)(A).
5. Statutory Damages of $1,000 under 15 U.S.C. § 1681n(b).
6. Statutory fines and penalties under 15 U.S.C.  § 1681q.
7. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1681n (a) (3).
8. Punitive damages of $5,000 as allowed in - 15 U.S.C. § 1681n (a)(2).
9. Statutory fines and penalties under 15 U.S.C.  § 1681q.
10. Statutory Damages of $60,000 under K.S.A. 50-636.
11. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

*Brady Walstad*

Brady Walstad
PO Box 201
428 Kansas
Colwich, KS 67030

## VERIFICATION OF COMPLAINT AND CERTIFICATION

**STATE OF KANSAS**

Plaintiff, Brady Walstad, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by me and I believe that all of the facts contained it are true to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe this civil Complaint is well grounded in fact and warranted by exiting law or by good faith argument for the extension, modification or reversal of existing law.
4. I believe this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to a Defendants(s), or create a needless increase in cost of litigation to any Defendant(s) named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purpose set forth in it.
6. Each and every exhibit I have attached to this Complaint is a true and correct copy of the original.
7. I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of m own handwritten notations.

**Pursuant to 28 U.S.C.** § 1746(2), I Brady Walstad, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

9/13/10

Date

*Brady Walstad*

Brady Walstad

PLAINTIFF VERIFIED COMPLAINT